IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALVIN D. DAVISTON, JR.,
    Plaintiff,

v.                           CIVIL ACTION NO. 19-CV-5848

DELAWARE COUNTY TAX CLAIM
BUREAU, *et al.*,
    Defendants.

## MEMORANDUM

SÁNCHEZ, C.J.                                                       DECEMBER 18, 2019

Plaintiff Alvin D. Daviston, Jr. has filed a civil action and an Application for Leave to Proceed *In Forma Pauperis*. Named as Defendants are Kathy Wike, of the Delaware County Tax Claim Bureau; Sheriff Jerry Sanders, Jacquelyn Kirby, the Recorder of Deeds of Delaware County, and BID Properties, LLC ("BID").[1] For the following reasons, Daviston will be permitted to proceed without the payment of filing fees and his Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS

The Complaint in this case is quite brief. Daviston asserts this Court has jurisdiction over his claim based on a federal question and recites the words "Civil Rights." (ECF No. 2 at 2.) He goes on to state "My civil rights were violated and fraud committed by authorities acting under law. Certified funds were changed and contracts were amended fraudally [sic] by Delaware

---

[1] On the first page of the Complaint, Daviston lists only "Delaware County Tax Claim Bureau," "Delaware County Sheriff Department," "Delaware County Recorder of Deeds" and BID. In the list of parties on page two of the Complaint, however, Daviston lists the individuals recited above. The Court interprets the Complaint to name as Defendants the individuals and not the offices that employ them.

1

County Officials." (*Id.* at 3.) He seeks as relief the "correction of fraudulent deed to reflect rightful ownership and responsible parties to be prosecuted to the full extent of the law." (*Id.* at 4.) Appended to the Complaint are copies of what appear to be eviction papers filed in the Court of Common Pleas of Delaware County bearing the caption "BID Properties, LLC v. Alvin D. Daviston, Jr." (*Id.* at 6-7.) There is no other explanation of the claims Daviston seeks to pursue in this Court.

## II. STANDARD OF REVIEW

Because Daviston appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Daviston is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."

2

*Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

The vehicle by which one may pursue a civil rights claim in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants Wike, Sanders and Kirby appear to be governmental officials and, thus, may be liable as "state actors" under § 1983. However, BID Properties, LLC appears to be a non-state actor, who pursued a landlord-tenant action against Daviston. Merely filing a claim in a state court does not, however, make a private party a "state actor" for purposes of § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (holding that there must be such a "close nexus between

3

the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself.'" (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)); *Read v. Klein*, 1 F. App'x 866, 870-71 (10th Cir. 2001) (former husband could not sue ex-wife and her attorney for obtaining a divorce decree by default, because neither the wife nor her attorney became state actors merely by filing a civil lawsuit in state court); *Gueson v. Feldman*, Civ. A. No. 00-1117, 2001 WL 34355662, at *10 (E.D. Pa. Nov. 30, 2001) ("Filing a lawsuit in state court, is not for 1983 purposes 'state action;' nor does it turn a private citizen into a state actor."). Accordingly, to the extent that Daviston seeks to bring a constitutional claim against BID Properties, LLC, that claim would not be plausible.

Unfortunately, because the Complaint contains so little factual information, the Court cannot determine with any exactitude the nature of any other claim Daviston seeks to pursue. Daviston has failed to meet his burden under Rule 8 to provide to provide a short and plain statement of the claim showing that he is entitled to relief. For this reason, the Complaint will be dismissed without prejudice and Daviston will be permitted an opportunity to file an amended complaint. If he chooses to do so, Daviston should provide sufficient factual allegations to permit the Court to understand the nature of his claims and how each defendant he names in the amended complaint personally acted to violate his civil rights. An appropriate Order follows.

**BY THE COURT:**

_____
JUAN R. SANCHEZ, C.J.