IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALVIN D. DAVISTON, JR.,
    Plaintiff,

v.

KATHY WIKE, *et al.*,
    Defendants.

CIVIL ACTION NO. 19-CV-5848

## MEMORANDUM

SÁNCHEZ, C.J.                                                               MARCH 9, 2020

Plaintiff Alvin D. Daviston, Jr. has filed an Amended Complaint ("AC") in response to the Court's prior Memorandum and Order dismissing his original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Daviston again brings civil rights claim under 42 U.S.C. § 1983 against Defendants Kathy Wike of the Delaware County Tax Claim Bureau, Sheriff Jerry Sanders, and Jacquelyn Kirby, the Recorder of Deeds of Delaware County. For the following reasons, the AC will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. FACTUAL ALLEGATIONS

The factual allegations contained in the AC are, like those in Daviston's original Complaint, quite brief. Daviston asserts that property he owned in Chester, Pennsylvania was sold at a sheriff's sale in May 2018. (ECF No. 6 at 3.)[1] He alleges his civil rights were violated by Defendant Wike when she devised a scheme to defraud him of his property. (*Id.*) It appears that the property he owned was sold because of nonpayment of property taxes to an entity called BID Properties, LLC. (*Id.*) Daviston asserts he had a "contract of offer & acceptance with PAID receipts for my taxes." (*Id.*) He goes on to state that he "notified Sheriff Jerry Sanders &

---

[1] The Court adopts the pagination assigned to the AC by the CF/ECM docketing system.

1

Jacqueline Kirby of Recorder of Deeds of Fraudulent Deed Filed on my property." (*Id.*) He further asserts that he received a refund of overpaid taxes for July 2018, "but property was sold 'May 2018' although taxes were paid." (*Id.*) While he asserts that he has suffered a "financial hardship and dissolution of marriage" (*id.* at 5), Daviston does not seek money damages. Rather, he seeks as relief the "correction of fraudulent deed to rightfull [sic] owner and responsible public officials to be prosecuted for their actions to violate my civil rights." (*Id.*)

## II. STANDARD OF REVIEW

Having previously granted Daviston leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Daviston is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The vehicle by which one may pursue a civil rights claim in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants Wike, Sanders and Kirby appear to be governmental officials and, thus, may be liable as "state actors" under § 1983. However, the relief that Daviston seeks in his lawsuit —

2

the correction of a deed and the criminal prosecution of the Defendants — is not relief that the Court can grant to a § 1983 plaintiff.

To the extent Daviston seeks relief in the form of the initiation of criminal charges or the imprisonment of any or all the Defendants, this request for relief is dismissed as legally baseless. *See Godfrey v. Pennsylvania*, 525 F. App' x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). Furthermore, to the extent Daviston intended to raise claims under criminal statutes, his claims fail, as criminal statutes rarely provide a basis for civil liability. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone.").[2]

To the extent Daviston seeks injunctive relief in the form of a "correction of fraudulent deed to rightfull owner," it is clear from his allegations that his property was sold at sheriff's sale in May 2018. In order to "undo" the sale of the property and deem Daviston still to be its rightful owner, a federal court would necessarily have to interfere with a state court judgment by which the property was exposed to the sale. *See* 72 Pa. Con. Stat. § 5860.610 (stating that after

---

[2] The Court notes that Daviston cites the federal mail fraud statute, 18 U.S.C. § 1341. To the extent that this citation may be read to imply that Daviston seeks to bring a claim based on that statute, the claim would not be plausible. The federal criminal statutes outlawing mail fraud and wire fraud do not provide for a private causes of action. *See Patel v. Smith*, Civ. A. No. 10-4165, 2011 WL 2746080, at *4 (E.D. Pa. July 12, 2011) ("District courts in this circuit have not recognized an implied private right of action for violations of 18 U .S.C. § 1343 . . . and neither have the other circuits that have confronted the issue."); *Fleishman v. Scilley*, Civ. A. No. 03-4639, 2004 WL 2203746, at *1 (E.D. Pa. Sept.30, 2004) (stating Plaintiff is unable to bring civil actions for wire and mail fraud under 18 U.S.C. §§ 1341 and 1343 since these are criminal statutes and provide no private right of action). Accordingly, this Court will dismiss Daviston's mail fraud claim with prejudice.

3

the county tax bureau files a petition on a tax claim upon which a property is to be exposed to sheriff's sale for nonpayment of property taxes "the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective tax and municipal claims, liens, mortgages, charges and estates, except separately taxed ground rents. The rule shall be made returnable in not more than thirty (30) days from the date the petition was presented or as otherwise determined by the court."); and § 5860.612 (providing that, if upon hearing the court "is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true, it shall order and decree that said property be sold at a subsequent day to be fixed by the court. . . .").

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). In *Great W.*, the United States Court of Appeals for the Third Circuit adopted the following four-part test for determining whether a claim is subject to dismissal under the *Rooker-Feldman* doctrine: (1) the federal plaintiff lost in state court; (2) the federal plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and, (4) the federal plaintiff is inviting the federal court to review and reject the state-court judgments. *Id.* at 166. As all four parts of the test are satisfied on the face of the AC, Daviston's claim for injunctive relief to correct the deed to the property must be dismissed. Since the property was exposed to a sheriff sale, he

4

"lost" in state court, his complaint alleges an injury arising from the sale, the sale occurred before he filed this case in federal court and he seeks to have the state court judgment overturned.

Accordingly, because the relief Daviston seeks is not available to a § 1983 plaintiff under the circumstances presented by his claim, it is not plausible and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court cannot say at this time that Daviston can never assert a plausible claim for money damages based on the process that led to the tax sale of his property. Accordingly, the AC will be dismissed without prejudice and Daviston will be granted leave to file a second amended complaint. Should he chose to do so, Daviston should be cognizant of the reasons the Court has stated for dismissing the earlier versions of his pleadings and provide as much factual matter as possible to place the defendants he names therein on notice of the nature of his claims and permit the Court to screen them. An appropriate Order follows.

BY THE COURT:

_____
JUAN R. SANCHEZ, C.J.